UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  11-12266-RGS

STEPHEN L. HOCHBERG

v.

MAGE, LLC 401 K PROFIT SHARING PLAN, JEFFREY  DAVIS,
INDIVIDUALLY AND AS TRUSTEE OF THE MAGE, LLC 401 K PROFIT
SHARING PLAN, AND JONATHAN FREEDMAN, INDIVIDUALLY AND AS
TRUSTEE OF THE MAGE, LLC 401 K PROFIT SHARING PLAN

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION TO DISMISS

March 27, 2012

STEARNS, D.J.

Stephen Hochberg brought this lawsuit against defendant Mage, LLC 401(k)

Profit Sharing Plan (Mage Plan), and defendants Jeffrey Davis and Jonathan Freedman,

individually and as trustees of the Mage Plan, seeking the turnover of funds from a

401(k) employee benefits plan held by defendants.  The suit is brought under  the

provisions of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461

(ERISA).[1]  Defendants move to dismiss the action on two grounds: (1) that the disputed

401(k) plan is the subject of a pending action in the Massachusetts Superior Court

---

[1] Hochberg also seeks damages, pursuant to Mass. Gen. Laws ch. 93A, § 9, for
defendants' failure to pay over the funds.

relating to the disputed 401(k); and (2) is also the subject of two prior orders issued by the Superior Court.[2]

The facts, as alleged in the Complaint and gleaned from the record, are as follows. Davis, Freedman, and Hochberg were members of Mage, a management consulting firm, from 1999 to 2007. In 2007, Hochberg's employment was terminated. Hochberg was subsequently prosecuted by federal authorities for seventeen counts of wire fraud and securities fraud. Hochberg eventually pled guilty to all of the charges. On September 10, 2007, Freedman and Davis brought a civil action against Hochberg in the Superior Court, seeking damages and injunctive relief in connection with Hochberg's fraudulent activities at Mage. The Superior Court granted a motion by Davis and Freedman for pretrial security,[3] and denied a motion by Hochberg to use the 401(k) funds to pay his attorney.[4] The Superior Court action is still pending.

---

[2] In the alternative to dismissal, defendants ask the court for a declaration regarding the disposition of the 401(k) funds.

[3] The Superior Court order did not reference the disputed 401(k). Pursuant to Mass. Gen. Laws ch. 235, § 34A, retirement plans subject to ERISA cannot be taken to satisfy a debt or a liability incurred as the result of a civil lawsuit.

[4] Hochberg also initiated bankruptcy proceedings in late 2007. Upon motion for clarification by Davis and Freedman, the Bankruptcy Court ruled that it did not have jurisdiction over the disputed 401(k) funds, citing 11 U.S.C. § 541(c)(2) (interests in a plan or trust containing transfer restrictions enforceable under any relevant non-bankruptcy law are excluded from the bankruptcy estate), and 29 U.S.C. § 1056(d)(1) (401(k) plans governed by ERISA are not transferrable).

This court has jurisdiction over the present action pursuant to 29 U.S.C. § 1132(e)(1), which grants the federal district court jurisdiction over actions brought by participants or beneficiaries to recover benefits due under retirement plans governed by ERISA.  To the extent any action by the Superior Court might conflict with the provisions of ERISA (which is not presently the case), it would be preempted by section 514(a) of ERISA, 29 U.S.C. § 1144(b)(2)(A) (preempting state law claims that "relate to" an employee benefit plan).  "Following the Supreme Court's lead, this Circuit has also construed the words 'relate to' broadly; a state law may relate to an employee benefit plan even though the law does not conflict with ERISA's own requirements, and represents an otherwise legitimate state effort to impose or broaden benefits for employees.  Therefore, a state law with even an indirect effect on an ERISA-covered benefit plan is preempted, even though ERISA by its terms may not necessarily address the topic covered by the state law." *Rosario-Cordero v. Crowley Towing & Transp. Co.*, 46 F.3d 120, 123 (1st Cir. 1995) (internal citations omitted).

## ORDER

For the foregoing reasons, defendants' motion to dismiss is <u>DENIED</u>.  The parties will within fourteen (14) days of the date of this Order submit a joint proposed scheduling order with a view to bringing the federal case to a prompt resolution.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE